IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNA PECOT, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SF DEPUTY SHERIFF'S ASSOCIATION, et al.,<br><br>    Defendants.                    / | No. C 08-05125 CRB<br><br>**ORDER** |

Plaintiffs allege that defendants misappropriated funds belonging to the San Francisco Deputy Sheriff's Association ("SFDSA"). Now pending before the Court is defendants' Motion to Dismiss. After carefully considering the complaint and papers filed by the parties, the Court concludes that oral argument is unnecessary, and DENIES the motion in part and GRANTS the motion in part with leave to amend.

**I.    RICO CLAIM**

    **A.    Federal Rule of Civil Procedure 9(b)**

To plead a violation of the mail or wire fraud statutes, a plaintiff must show that: (1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails or wires or caused a use of the United States mails or wires in furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or defraud. See

Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1399-1400 (9th Cir. 1986). The mailings/wirings only need to be in furtherance of a scheme to defraud, and do not themselves need to be fraudulent or untrue. See Schmuck v. United States, 489 U.S. 705, 714-15 (1989).

"Federal Rule of Civil Procedure 9(b) requires that fraud be pled with particularity." Odom v. Microsoft Corp., 486 F.3d 541, 553 (9th Cir. 2007). "Rule 9(b) 'requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.'" Id. (quoting Schreiber, 806 F.2d at 1400) (internal citation omitted)). "The only aspects of wire [and mail] fraud that require particularized allegations are the factual allegations of the fraud itself." Id. at 554. "While the factual circumstances of the fraud itself must be alleged with particularity, the state of mind—or scienter—of the defendants may be alleged generally." Id. The requirement of specific intent under these statutes is satisfied by "the existence of a scheme which was reasonably calculated to deceive persons of ordinary prudence and comprehension, and this intention is shown by examining the scheme itself." Schreiber, 806 F.2d at 1400 (internal quotation marks and citation omitted).

The allegations as to the fraudulent scheme to misappropriate funds set aside for purchase of a building (Complaint ¶¶ 54-62), are dismissed with leave to amend for failure to comply with Rule 9(b). Although plaintiffs allege that defendants Wong and Zehner falsely represented to the SFDSA membership that SFDSA had purchased a building and was paying a mortgage on the building, plaintiffs do not allege with particularity when or how that misrepresentation was made.

Plaintiffs also do not allege with the required particularity the scheme to make unauthorized campaign contributions. Complaint ¶¶ 63-66. Plaintiffs do not allege the dates, parties and amounts of the allegedly unauthorized contributions.

Finally, plaintiffs do not allege with the required particularity the fraudulent scheme to induce explusion of whistleblowing SFDSA members. See Complaint ¶¶ 66-77. Plaintiffs allege a false representation (Wong's statement to SFDSA members regarding SFDSA's

1 conflict of interest) without alleging a date on which it occurred or other circumstances
2 surrounding the misrepresentation.  Plaintiffs also do not allege defendant Savage's role in
3 the scheme.

4       The above predicate acts are dismissed with 20 days leave to amend.  The Motion to
5 Dismiss for failure to comply with Rule 9(b) is denied with respect to the remaining
6 fraudulent schemes as the complaint sufficiently alleges these schemes with particularity.

7       **B.**    **Statute of Limitations**

8       Civil RICO claims are subject to a four-year statute of limitations.  Agency Holding
9 Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 156 (1987).  "The limitations period for
10 civil RICO actions begins to run when a plaintiff knows or should know of the injury which
11 is the basis for the action."  Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d
12 353, 365 (9th Cir. 2005).  "The plaintiff is deemed to have constructive knowledge of the
13 injury when it had enough information to warrant an investigation which, if reasonably
14 diligent, would have led to discovery of the fraud."  Id. (internal quotations marks and
15 citation omitted).  Courts ordinarily leave "the question of whether a plaintiff knew or should
16 have become aware of fraud to the jury."  Id.

17       Defendants argue that time-barred claims include those arising from acts in
18 furtherance of the following four schemes: the fraudulent appropriation of funds to pay
19 Wong's mortgage (October 2002 to July 2004); the fraudulent appropriation of funds to
20 purchase a building (2002 to November 9, 2004); the fraudulent appropriation of funds for
21 political contributions (2002 to November 9, 2004); and the fraudulent appropriation of funds
22 set aside for full-time salary (2003 to November 9, 2004).

23       Although plaintiffs oppose defendants' motion on the grounds of fraudulent
24 concealment, the proper inquiry is whether the complaint alleges when the statute of
25 limitations began to run, that is, whether the complaint alleges facts that establish as a matter
26 of law that plaintiffs knew or should have known of the fraud more than four years before the
27 complaint was filed.  See Living Designs, Inc., 431 F.3d at 365-66.  With respect to all but
28 the mortgage scheme, the complaint does not allege facts that demonstrate that plaintiffs

1 knew or should have known of each fraudulent scheme prior to November 2004; thus, the
2 Court cannot dismiss the claims for these injuries on statute of limitations grounds.

3 The complaint's allegations and attached exhibits demonstrate that prior to November
4 10, 2004 plaintiffs had actual or at least constructive notice of defendants' scheme to use
5 SFDSA funds to pay Wong's mortgage.  Plaintiffs allege that on September 8, 2004, plaintiff
6 Owyang submitted written charges to the SFDSA Board of Directors seeking Wong's
7 removal for, among other things, misappropriating SFDSA funds to pay his mortgage.  The
8 claim based on this injury is nonetheless not barred because the complaint also alleges that a
9 committee appointed to investigate the charges determined that Wong had wrongfully
10 misappropriated SFDSA funds and ordered him to repay those funds.  Defendants do not cite
11 any case that suggests that the statute of limitations continues to run even after the defendants
12 have been ordered to "repay" their fraud and thus rectify the RICO injury.  Thus, defendants
13 have not proved that the statute of limitations bars plaintiffs' RICO claim to the extent it is
14 based on the use of SFDSA fund to pay Wong's mortgage.

**C.     Enterprise**

As the complaint alleges that both the SFDSA and the SFDSA Foundation are corporations, it adequately alleges a RICO enterprise.  See Odom, 486 F.3d at 548 (stating that a single corporation is a RICO enterprise).

**D.     Interstate Commerce**

"To prevail on a claim under [RICO], plaintiffs must demonstrate that the enterprise which is involved in or benefits from the racketeering activity is one engaged in, or having an effect on, interstate commerce."  Musick v. Burke, 913 F.2d 1390, 1398 (9th Cir. 1990).  "The statute requires that the activity of the [e]nterprise, not each predicate act of racketeering, have an effect on interstate commerce."  United States v. Rone, 598 F.2d 564, 573 (9th Cir. 1979).  The interstate commerce connection in a RICO case may be de minimis.  United States  v. Juvenile Male, 118 F.3d 1344, 1347-49 (9th Cir. 1997).  A plaintiff need not show that a defendant's acts actually affected interstate commerce; rather, the jurisdictional requirement is satisfied by proof of a probable or potential impact.  Id.

4

The complaint plausibly alleges that the activities of the SFDSA and SFDSA Foundation affected interstate commerce; thus, the Motion to Dismiss on this ground is denied.

### E.   Conspiracy

The complaint also adequately alleges a violation of 18 U.S.C. section 1962(d), conspiracy to violate RICO. See Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 26 n.4 (2d Cir. 1990).

### F.   Pattern

Under the RICO Act, a "'pattern of racketeering activity' requires at least two acts of racketeering activity, one of which occurred after the effective date of [the Act] and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). A pattern is not established "merely by proving two predicate acts," H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 236 (1989); instead, a plaintiff must also allege that defendants committed (1) "related" predicate acts which (2) "amount to or pose a threat of continued criminal activity." Id. at 239.   Related predicate acts are those that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events. Id. at 240.

The complaint's allegations are sufficient to satisfy the requirement that the predicate acts be related. The purposes of the various schemes were similar, as were the methods for facilitating them. The victims, the SFDSA and its members, were the same over the course of the fraud. The participants, Wong and SFDSA's treasurers, were consistent.

The continued threat element is also satisfied. The complaint alleges that under the management of Wong and his treasurers, SFDSA has conducted its business over a number of years in such a way as to fraudulently enrich Wong or others and has covered up such ongoing dealings. This amounts to a regular way of doing business and thus a threat that such activity will continue.

//

### G. 1962(a) Causation

The complaint sufficiently alleges that defendants' use of income derived from their racketeering activities to operate the SFDSA Foundation caused the SFDSA damage.

### H. Standing

The complaint alleges that the SFDSA is a nonprofit public benefit corporation organized under California law. Defendants argue that the SFDSA is a mutual benefit corporation rather than a nonprofit public benefit corporation, although they do not identify anything in the complaint or of which the Court may take judicial notice to support their assertion. In any event, they contend that under California law pertaining to mutual benefit corporations plaintiffs Pecot and Arata have no standing to bring derivative claims on behalf of the SFDSA since they were not members of the SFDSA when they initiated this lawsuit.

For the purposes of ruling on a motion to dismiss the Court must accept the complaint's allegation that the SFDSA is a nonprofit public benefit corporation as true. The applicable statute addressing derivative actions brought on behalf of nonprofit public benefit corporations states that an action may be brought by a plaintiff who was a member at the time of the actions of which the plaintiff complains. Cal. Corp. Code § 5710(b)(1). Defendants' argument thus fails.

## II. STATE LAW CLAIMS

### A. Applicable Law

Defendants' assertion that plaintiffs' state law claims must be dismissed because they are brought under state laws applicable to public benefit corporations rather than under those applicable to mutual benefit corporations (under the wrong code sections or the common law) fails for the reason explained above: the complaint alleges that the SFDSA is a public benefit corporation.

### B. Mootness

Defendants' argument that plaintiffs' Fifth and Eighth Claims for Relief, concerning defendants' refusal to permit plaintiffs to inspect the SFDSA financial books and records, is

1 moot because the SFDSA has produced some records to plaintiffs' counsel fails because
2 defendants have not established that they have produced all documents sought.

### C.    Removal of Defendants from SFDSA Offices

Defendants next contend that plaintiffs do not have standing to bring their Sixth Claim for Relief seeking removal of defendants from their offices in the SFDSA pursuant to California Corporations Code section 5223.  The Court agrees that plaintiffs do not have standing to bring this claim because the plain language of section 5223 permits suit by a current director of the corporation or twice the number of members authorized under section 5036 or 20 members, whichever is less.  While, as plaintiffs claim, 23 members may have authorized this lawsuit, 23 members are not plaintiffs.  This claim must be dismissed with leave to amend.

### D.    Reinstatement of Pecot and Arata

Plaintiffs' Seventh Claim for Relief, which seeks the reinstatement in the SFDSA of plaintiffs Pecot and Arata, must be dismissed to the extent it is brought pursuant to California Corporations Code section 5341.  Section 5341 governs the expulsion of members from nonprofit public benefit corporations in certain situations.  Section 5342, however, provides that the provisions of section 5341 shall not apply to the termination from a public benefit corporation of any class of memberships pursuant to an amendment of the articles or bylaws.  Cal. Corp. Code § 5342(g).  As the complaint alleges that Pecot and Arata were removed as part of an amendment that eliminated certain classes of membership, section 5341 does not apply.

## CONCLUSION

Defendants' motion to dismiss is GRANTED in part and DENIED in part as set forth above.  Plaintiffs shall file their First Amended Complaint within 20 days of the date of

//
//
//
//

7

1  this Order.  The parties shall appear for a case management conference at 8:30 a.m. on May
2  1, 2009.
3  **IT IS SO ORDERED**.

5  Dated: March 6, 2009

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2008\5125\orderredismiss1.wpd       8